# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**JASON A. MAHE,**

    **Plaintiff,**

v.                                      **Civil Action 2:21-cv-5192**
                                          **Judge Sarah D. Morrison**
                                          **Magistrate Judge Elizabeth P. Deavers**

**KATRINA RANSOME,** *et al.*,

    **Defendants.**

## REPORT AND RECOMMENDATION

On November 2, 2021, Plaintiff, Jason A. Mahe, currently incarcerated in the Northern Nevada Correctional Center in Carson City, Nevada, filed a document captioned as a "Preliminary Injunction to Enforce 'Post Release Control' and/or 'Parole' Time Concurrent with Remaining NDOC Time." (ECF No. 1.) Plaintiff's Motion was unaccompanied by any initiating documents, *i.e.*, either a Complaint or a Petition for a Writ of Habeas Corpus. Further, Plaintiff failed either to pay any requisite filing fee or to file an application for leave to proceed *in forma pauperis*. On November 4, 2021, the Court directed Plaintiff to submit, within thirty (30) days of the date of that order, the appropriate initiating document accompanied by either the applicable filing fee ($402.00 for a civil Complaint or $5.00 for a Petition for a Writ of Habeas Corpus) or alternatively, an application for leave to proceed *in forma pauperis*. (ECF No. 2.) The Order advised Plaintiff that his failure to comply may result in the dismissal of the case for want of prosecution. (*Id.* at 2.)

On November 22, 2021, Plaintiff filed two documents – a motion for leave to proceed *in forma pauperis* and another filing seeking "to proceed *ifp* and overlook copy error." (ECF Nos.

1

3 and 4). Contrary to the Court's previous Order, neither of these filings was accompanied by an appropriate initiating document. Moreover, the application for leave to proceed *in forma pauperis* was deficient because it did not contain an appropriate trust fund account statement as required by 28 U.S.C. § 1915. Accordingly, on November 23, 2021, the Court granted Plaintiff an additional thirty days to cure these deficiencies. (ECF No. 5.) The Order advised Plaintiff that his failure to comply would result in a recommendation of dismissal for want of prosecution. (*Id*. at 3.) To date, Plaintiff has not filed a Complaint[1] or a properly supported application to proceed *in forma pauperis*.

The Court's inherent authority to dismiss a plaintiff's action with prejudice because of his or her failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See* Fed. R. Civ. P. 41(b); *Chambers v. Nasco, Inc.*, 501 U.S. 32, 49, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Walbash R. Co.*, 370 U.S. 626, 629–32, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT&T*, 176 F.3d 359, 63 (6th Cir.1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

---

[1] Plaintiff's deficient *in forma pauperis* application (ECF No. 3 at 5; PAGEID#: 21) indicated his intention to pursue a civil rights action and not a habeas corpus action. As a result, Plaintiff was advised of his obligation to submit a Complaint and service documents for each Defendant in order to comply with the Court's previous Order. (ECF No.5 at 2.)

(4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir.2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

Plaintiff has failed to file a Complaint or a properly supported application for leave to proceed *in forma pauperis* as twice ordered by the Court. Indeed, Plaintiff has not responded to the Court's most recent Order in any way. Further, Plaintiff has been advised that his failure to do so could result in the dismissal of this action. (ECF Nos. 2, 5.) Accordingly, it is **RECOMMENDED** that the Court dismiss this case without prejudice for failure to prosecute under Rule 41(b).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the

district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

Date: January 10, 2022               /s/ *Elizabeth A. Preston Deavers*
                                     **ELIZABETH A. PRESTON DEAVERS**
                                     **UNITED STATES MAGISTRATE JUDGE**